UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR MENEESE,<br><br>          Plaintiff,<br><br>     v.<br><br>RICK HILL, *et al.*,<br><br>          Defendants. | Case No. 2:23-cv-00976-JDP (PC)<br><br>ORDER |

Plaintiff is a state inmate proceeding without counsel in this action brought under 42 U.S.C. § 1983. Plaintiff asserts an Eighth Amendment claim against 20 defendants arising from their alleged failure to comply with Covid-19 safety protocols and to provide adequate care to plaintiff when he became infected with the virus. I find that plaintiff has failed to state a claim because his allegations are too conclusory to proceed against any named defendant. I will grant him leave to amend and will also grant his applications to proceed *in forma pauperis*. ECF Nos. 2 & 5.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Plaintiff's Allegations**

At all times relevant to this action, plaintiff was housed at Folsom State Prison.  He names the following individuals as defendants: Ralph Diaz, Secretary of the California Department of Corrections and Rehabilitation; Rick Hill, Acting Warden; K. Michels, Correctional Counselor; T. Johnson, CDW; J. Kramer, Registered Nurse; J. Doe; Jane Doe, Registered Nurse; S. Gates, Health Care Correspondence & Appeal; Howard E. Moseley, Associate Director; A. Briger, "AGPA"; Deal, Sergeant; M. Strand, "G/C"; B. Brizendine, Chief Executive Officer; Palomero Grewen; K. Brown, Chief Executive Officer; J. Rowland, Supervising Registered Nurse II; C. Pascua; R. Yoeun, "HCARN"; M. Jeu, M.D.; and C. Schultz, M.D.

Plaintiff's allegations are cursory.[1]  He states that defendants "collectively showed a [willful] disregard towards the plaintiff."  ECF No. 4 at 6.  He accuses Warden Hill "and his administration" of being unprofessional and failing to comply with "the oath."  *Id.*  He claims that "[t]his administration" failed to take the Covid-19 pandemic "seriously" and failed to enforce safety guidelines put in place by the Centers for Disease Control and Prevention, leading to a third outbreak at FSP and to plaintiff contracting the virus in January 2022.  *Id.* at 15.  He further claims that defendants collectively refused to intervene multiple times when plaintiff sought help after contracting the virus.  *Id.* at 8-9.  Plaintiff refers to several documents in support of his claims, none of which are attached to the pleading.  By way of relief, plaintiff seeks damages and an "adverse transfer."  *Id.* at 16.

**Discussion**

**A. Federal Rule of Civil Procedure 8**

Plaintiff's complaint is subject to dismissal because it fails to comply with Federal Rule of Civil Procedure 8.  Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556-57.  Here, plaintiff's complaint is short but lacks a plain statement of his claims.  Plaintiff's allegations lack detail as to what happened, when it happened, and how each defendant was involved.

**B. Supervisory Liability**

To the extent plaintiff seeks to hold Acting Warden Hill, or any defendant, liable based solely upon his or her supervisory role, he may not do so.  Liability may not be imposed on

---

[1] Plaintiff proceeds on a first amended complaint that he filed before the original complaint could be screened.  *See* ECF Nos. 1 & 4.

3

1  supervisory personnel for the actions or omissions of their subordinates under the theory of
2  respondeat superior. *Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011,
3  1020-21 (9th Cir. 2010). "A supervisor may be liable only if (1) he or she is personally involved
4  in the constitutional deprivation, or (2) there is a sufficient causal connection between the
5  supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d
6  967, 977 (9th Cir. 2013) (citation and quotation marks omitted). "Under the latter theory,
7  supervisory liability exists even without overt personal participation in the offensive act if
8  supervisory officials implement a policy so deficient that the policy itself is a repudiation of
9  constitutional rights and is the moving force of a constitutional violation." *Crowley*, 734 F.3d at
10 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks
11 omitted).

12       To prove liability for an action or policy, the plaintiff "must . . . demonstrate that his
13 deprivation resulted from an official policy or custom established by a ... policymaker possessed
14 with final authority to establish that policy." *Waggy v. Spokane Cty. Wash.*, 594 F.3d 707, 713
15 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such
16 defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v.*
17 *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.
18 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in
19 civil rights violations are not sufficient. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.
20 1982).

21       Plaintiff alleges that the acting warden is "liable to his decisions and all [within] his
22 administration," and that he is informed of actions at the facility. ECF No. 4 at 15. Plaintiff thus
23 relies on the Warden Hill's responsibility as a supervisor to ensure the safety and health of the
24 prisoners; this claim is based on respondeat superior and as such is not cognizable under section
25 1983. Plaintiff has failed to assert a causal link between this defendant and the claimed
26 constitutional violation. As for the other supervisory defendants, plaintiff's conclusory
27 statements about a custom of ignoring Covid-19 safety protocols are insufficient to state a
28 cognizable claim.

4

**C. Linkage Requirement**

Section 1983 of the Civil Rights Act requires that there be a connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Warden Hill or any defendant to any alleged deprivation or harm, or to any specific act that violated his constitutional rights. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Dismissal is thus warranted on this basis as well.

**D. Policy Violations**

To the extent that plaintiff is alleging that any defendant has not complied with applicable state statutes or prison regulations, such deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right).

**E. Failure to State a Claim**

Finally, insofar as plaintiff alleges that defendants generally failed to comply with Covid-19 protocols, he does not state a claim. Notably, there is no dispute that Covid-19 poses a substantial risk of serious harm. *See Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). But to state a cognizable Eighth Amendment claim, plaintiff must provide more than generalized allegations that defendants have not done enough to control the spread of the Covid-19 virus. *See Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020 WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, No. 2:20-CV-1755 DB P, 2021 WL 915670, at *3 (E.D.

5

Cal. Mar. 10, 2021) (failure to state a claim against warden for failure to adequately control the spread of COVID-19 in the prison). That is, plaintiff must provide more than generalized allegations that defendants have not done enough to enforce interpersonal distancing, provide sufficient cleaning supplies, or enforce the mask requirement. *See Sanford v. Eaton*, No. 1:20-cv-00792-BAM (PC), 2021 WL 1172911, at *6 (E.D. Cal. Mar. 29, 2021) (explaining that "in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and the other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread" of COVID-19); *Blackwell*, 2021 WL 915670, at *3 (concluding that "in order to state a cognizable Eighth Amendment claim against the warden plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread" of Covid-19). Plaintiff fails either to allege facts showing how any individual was responsible for such failings, or to allege a causal link between each defendant and the claimed constitutional violation. *See Cedillos v. Youngblood*, No. 1:21-cv-00138-DAD-BAM (PC), 2021 WL 2534534, at *3 (E.D. Cal. June 21, 2021) (concluding that prisoner failed to state Section 1983 claims due to allegations of "failings in social distancing and unclean cells and showers" during Covid-19 pandemic, where plaintiff failed to allege causal link between defendants and violations). Because plaintiff does not provide more than generalized allegations, he fails to state a claim.

**F. Leave to Amend**

Plaintiff may file a second amended complaint that addresses these deficiencies. He is advised that the second amended complaint will supersede the current amended complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the second amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once a second amended complaint is filed, the current amended complaint no longer serves any function. Therefore, in a second amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

**Conclusion**

Based on the foregoing, it is ORDERED that:

1. Plaintiff's applications to proceed *in forma pauperis*, ECF Nos. 2 & 5, are GRANTED.

2. Within thirty days of the service of this order, plaintiff may file a second amended complaint. If he does not, I will recommend this action be dismissed.

3. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   September 18, 2023                            _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE

7